IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**ELIZABETH L. JENKINS,**

    **Plaintiff,**

v.                                                            **Civil Action No. 5:07cv24**
                                                                         **(Judge Stamp)**

**UNITED STATES OF AMERICA;**
**HONORABLE IRENE M. KEELEY; United**
**States District Judge PAUL HICKMAN,**
**United States Marshal; STACY CLAXTON,**
**United States Probation Officer; BRIAN**
**JOSEPH KORNBRATH, Esquire; PAUL**
**THOMAS CAMILLETTI, Asst. U.S. Attorney,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

Plaintiff, a *pro se* federal inmate, initiated this case pursuant to a civil rights complaint filed on February 16, 2007.

## I.  The Complaint

In the complaint, Plaintiff alleges that on January 10, 2007, she was present for a bond revocation hearing in the United States District Court for the Northern District of West Virginia, the Honorable Irene M. Keeley presiding.  At that hearing, Plaintiff asserts that she was represented by the Federal Public Defender, Brian J. Kornbrath.  Plaintiff asserts that Mr. Kornbrath's representation of her at that hearing was ineffective, in that she pled guilty under duress and because Mr. Kornbrath advised her that she would only receive a three-month sentence at a halfway house.

Further, Plaintiff asserts that at the hearing, she attempted to advise the Court that the time frame of 77 months was modified to a 63-month sentence and that she was never in a Bureau of

Prisons facility. Instead, Plaintiff asserts that she served one year of her sentence at the North Central Regional Jail, which she was released from June 21, 2005.

Furthermore, Plaintiff asserts that she was also charged with possession of crack cocaine and drug paraphernalia, although she did not have any crack cocaine on her person and even though the alleged paraphernalia was actually found in a coat pocket at another person's residence. Moreover, Plaintiff asserts that the pipe found in the pocket did not belong to her and that regardless, it was confiscated in an illegal search and seizure.

Next, Plaintiff asserts that Paul Hickman, a deputy United States Marshal, is a friend of her ex-boyfriend, who happens to be a convicted felon. Plaintiff asserts that the house in which her ex-boyfriend was in was not searched.

At her bond hearing, Plaintiff asserts that Judge Keeley was not sure what Plaintiff was being sentenced for – revocation of bond or revocation of supervised release. Plaintiff asserts that United States Probation Officer, Stacy Claxton, had her sign papers for a supervised release bond, not supervised release probation, but that Ms. Claxton was not in attendance at the bond revocation hearing to clarify the matter.

Finally, Plaintiff asserts that she was given a category IV criminal history even though she had previously been only a category III. Thus, Plaintiff asserts that she should have been given only three-month incarceration for a bond revocation.

Based on these allegations, Plaintiff asserts that her sentence is illegal, that she is being illegally incarcerated and that she was sentenced for the wrong crime. Consequently, Plaintiff asserts that her due process rights have been violated and seeks twenty million ($20,000,000) dollars in damages for duress, stress, mental anguish, physical anguish and neglect.

**II. Standard of Review**

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III. Analysis**

This case is frivolous. Plaintiff has no chance of success. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

---

[1] Id. at 327.

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to Plaintiff in this case would necessarily imply the invalidity of her conviction[2] and that Plaintiff has failed to make a showing that her conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, Plaintiff has no chance of success on the merits and her claim is frivolous.[3]

**IV. Recommendation**

In consideration of the foregoing, it is recommended that Plaintiff's complaint be DISMISSED as frivolous.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

---

[2] Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487).

[3] The undersigned notes that Plaintiff's claims would also largely be barred by the doctrines of absolute judicial immunity, prosecutorial immunity and quasi-judicial immunity. And, any remaining claims of ineffectiveness against Mr. Kornbrath would be more appropriate for direct appeal and/or in a motion under 28 U.S.C. § 2255.

v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk of the Court is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: March 20, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE