IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELIZABETH L. JENKINS,

    Plaintiff,

v.                                            Civil Action No. 5:07CV24
                                                        (STAMP)

UNITED STATES OF AMERICA,
HONORABLE IRENE M. KEELEY,
United States District Judge,
PAUL HICKMAN,
United States Marshal,
STACY CLAXTON,
United States Probation Officer,
BRIAN JOSEPH KORNBRATH, Esquire
and PAUL THOMAS CAMILLETTI,
Assistant United States Attorney,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING MOTION TO APPOINT COUNSEL**

I.   Background

On February 16, 2007, pro se plaintiff, Elizabeth L. Jenkins, filed a civil rights complaint against the above-named defendants. In her complaint, the plaintiff challenges the legality of her incarceration. The plaintiff alleges that Federal Public Defender, Brian Kornbrath, ineffectively represented her, that Deputy Paul Hickman is a friend of her ex-boyfriend, that United States Probation Officer Stacey Claxton had her sign papers for a supervised release bond, and that Judge Irene Keeley was "not sure what shes (sic) sentencing [the plaintiff] for." Although the

plaintiff names Paul Camilletti as a defendant in her complaint, she does not appear to make any specific allegations against him. Additionally, on March 14, 2007, the plaintiff filed a motion for appointment of counsel in this case.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.02 and 28 U.S.C. §§ 1915(e) and 1915A. On March 20, 2007, Magistrate Judge Kaull issued a report recommending that the plaintiff's complaint be dismissed as frivolous. The report and recommendation did not address the plaintiff's motion for appointment of counsel. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. In response to the report and recommendation, the plaintiff filed a document styled "Motion for Appeal" which this Court construes as an objection.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F.

Supp. 825 (E.D. Cal. 1979). In this case, the plaintiff's objection does not address the substance of Magistrate Judge Kaull's report and recommendation. Rather, the plaintiff objects to the report and recommendation because she wishes to have an attorney appointed to represent her in the litigation of her civil rights complaint. Because the plaintiff did not object to any substantive portion of the report and recommendation, a de novo review of the report and recommendation is not required.

### III. Discussion

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

A frivolous action is one that "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at

327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless" factual allegations as true.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In this case, the magistrate judge recommended that the plaintiff's complaint be dismissed as frivolous.  The magistrate judge noted that a plaintiff bringing a civil rights action under 42 U.S.C. § 1983, in order to recover damages for allegedly unconstitutional conviction or imprisonment, must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called in to question by a federal court's issuance of a writ of habeas corpus . . . ."  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Because the plaintiff has failed to make any showing that she is entitled to recover damages for an allegedly unconstitutional conviction or imprisonment under the law as set forth in Heck v. Humphrey, 512 U.S. 477, the magistrate judge recommended that her complaint be dismissed.

The plaintiff's objection, that she desires counsel to represent her in this matter, is insufficient to prevent her complaint from being dismissed as frivolous because she has no chance of success on the merits. Additionally, although the report and recommendation did not address the plaintiff's motion for appointment of counsel, this Court has reviewed that motion and

finds that it must be denied. Because the plaintiff's complaint is frivolous and does not give rise to any actionable claims, she fails to demonstrate exceptional circumstances warranting court-appointed counsel. See Mallard v. United States District Court, 490 U.S. 296, 309 (1989); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds, Mallard, 490 U.S. at 309.

## IV. Conclusion

Because this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objection to the report and recommendation lacks merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, the plaintiff's complaint is DISMISSED as frivolous and the plaintiff's motion for appointment of counsel is DENIED. Further, it is ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

The plaintiff is advised that she may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this Court within 30 days of the date of entry of this memorandum opinion and order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 9, 2007

                                                    /s/ Frederick P. Stamp, Jr.
                                                  FREDERICK P. STAMP, JR.
                                                  UNITED STATES DISTRICT JUDGE